**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EMS USA, INC. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:16-CV-01443 |
| | § | |
| THE TRAVELERS LLOYDS | § | |
| INSURANCE COMPANY | § | |

**TRAVELERS' SECOND MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, The Travelers Lloyds Insurance Company ("Travelers"), and files this its second motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims of the plaintiff, EMS USA, Inc. ("EMS"), and would respectfully show unto this Honorable Court as follows:

**I. Summary of the Issues**

This motion presents this Court with the following dispositive issues, any one of which summarily warrants judgment as a matter of law in favor of Travelers:

- **Mechanical Breakdown Exclusion.** The Mechanical Breakdown Exclusion in the Travelers policy negates coverage for losses caused by mechanical breakdown. EMS alleges that the cause of its loss was due to the guide wire breaking. Testimony by EMS's Division President confirms that the guide wire broke due to mechanical breakdown. Does the Travelers Policy cover EMS's asserted losses caused by the mechanical breakdown of the guide wire?

- **Faulty, Inadequate, or Defective.** The Travelers policy excludes coverage for loss caused by faulty workmanship or defective materials used in construction. EMS claims that its damages stem from a broken guide wire, which caused the drill string to become lodged. The drill string became stuck because either (1) the guide wire itself was defective or (2) faulty workmanship. Does the Travelers policy cover loss caused by the defective guide wire or faulty workmanship in the construction of the pilot hole?

- **Consequential Loss.** The Travelers policy excludes coverage for loss or damage caused by or resulting from loss of use. The crux of EMS's case hinges on the loss of use of the pilot hole, which EMS claims caused it to move its drilling operations to a new location. Does the Traveler policy cover loss or damage resulting from loss of use of the pilot hole?

- **Land.** Land and land values are not Covered Property under the Travelers policy. EMS repeatedly asserts that it is the otherwise undamaged pilot hole that is the basis of EMS's claim.  Does this undamaged pilot hole constitute land for which there is no coverage under the Travelers policy because land is not Covered Property?

In Texas, the rules of construction for contracts likewise govern insurance policies. See D.R. Horton, Inc. v. Am. Guar. & Liab. Ins. Co., 864 F. Supp. 2d 541, 547 (N.D. Tex. 2012); Millis Dev. & Constr., Inc. v. Am. First Lloyd's Ins. Co., 809 F. Supp. 2d 616, 627 (S.D. Tex. 2011). Therefore, interpretation of an insurance policy is a question of law and proper for summary judgment. See D.R. Horton, Inc., 864 F. Supp. 2d at 547.  When an insurer relies on a policy exclusion to negate coverage, the insurer bears the burden of proving that the exclusion applies. See Trinity Universal Ins. Co. v. Employer Mut. Cas. Co., 592 F.3d 687, 691-92 (5th Cir. 2010).

## II.  The Material Facts

As addressed in Travelers' first motion for summary judgment, Dkt. No. 27, this case concerns a Travelers builders' risk policy issued to EMS with effectives dates from September 1, 2015 to September 1, 2016, policy no. QT-660-8070X278-TLC-15 ("the Travelers policy"). Ex. No. 1; Ex. No. 2, ¶ 5.

In 2015, EMS entered into a contract with an operating company to construct its natural gas pipeline. Ex. No. 2, ¶ 6. Subsequently, EMS contracted out the directional drilling work to a subcontractor, Isaacks Contracting, Inc. ("Isaacks"). Id. Isaacks subcontractor successfully drilled the pilot hole—but when the drilling guide wire broke,

the drill string became stuck. Id. EMS hired other subcontractors to try to free the drill string, but it remained stuck. Undisputedly, Isaacks owned the broken guide wire and drill string. Ex. No. 3, 30:11-31:22, 110:9-110:15.  EMS eventually hired another subcontractor to start over and perform the directional drilling in a different location. Subsequently, EMS made a claim under the Travelers policy for the loss of use of the pilot hole drilled in connection with the horizontal directional drilling operations. Ex. No. 2, ¶ 7; Ex. No. 3, Supplemental Answer to Interrogatory No. 4; Ex. No. 5, 25:5-25:16.

Travelers files this second motion for summary judgment and asks this Court to judgment in favor of Travelers and hold that Travelers has no duty to provide coverage to EMS for its claims asserted against Travelers for the reasons stated below.

### III.   Summary of the Argument

The following below aims to concisely summarize the respective disputes, arguments, and defenses:

- **Mechanical Breakdown Exclusion.** The Mechanical Breakdown Exclusion under the Travelers policy negates coverage for losses caused by mechanical breakdown, which also includes a rupture or bursting caused by centrifugal force. EMS asserts that the cause of its loss was due to the guide wire breaking. Regardless as to whether the guide wire broke as a result of centrifugal force, as confirmed by EMS deposition testimony, the loss of the pilot hole was undisputedly due to a mechanical breakdown of the guide wire or drill string during the pipeline operations.

- **Faulty, Inadequate, or Defective Materials.** The Travelers policy excludes coverage for loss or damage caused by or resulting from faulty, inadequate, or defective materials used in construction. EMS asserts that the cause of its loss was due to the guide wire breaking. The drill string became lodged because the guide wire or drilling equipment was either faulty, inadequate, or defective; and as such, the resulting loss of the pilot hole is not covered under the Travelers policy.

- **Faulty, Inadequate, or Defective Workmanship.** The Travelers policy excludes coverage for loss or damage caused by or resulting from faulty, inadequate, or defective workmanship or construction. EMS asserts that the cause of its loss was due to the guide wire breaking. Even if EMS asserts that the guide wire broke in absence of any defect, EMS's alleged damages stem from faulty, inadequate, or defective workmanship or construction; therefore, any resulting loss is not covered under the Travelers policy.

- **Consequential Loss.** The Travelers policy excludes coverage for loss or damage caused by or resulting from consequential loss, including delay or loss of use. EMS's entire case theory rests on the loss of use of the original pilot hole and damages related to (1) attempts to salvage the lodged pipe, (2) efforts to relocate and restart its operations, and (3) subsequent business delays—all three indirect, consequential losses flowing from the broken guide wire. The Travelers policy plainly excludes damages resulting from a consequential loss of use.

- **Land.** Under the Travelers policy, land and land values are not Covered Property. EMS asserts that the pilot hole, i.e., the hole drilled into the ground to construct a pipeline, is the property for which there is coverage under the Travelers policy. Yet, this undamaged pilot hole constitutes land, and land is not Covered Property.

## IV.   <u>Arguments and Authorities</u>

In addition to the threshold issues of Covered Property as detailed in its first motion for summary judgment, <u>see</u> Dkt. No. 27, Travelers raises additional coverage defenses as plainly provided by the Travelers policy in response to the claims asserted by EMS. This Court should grant summary judgment in favor of Travelers for the following reasons set forth below.

### A. **EMS's alleged losses stem from a broken guide wire.**

EMS repetitively points to the broken guide wire as the cause of its failed pipeline operations and its inability to use the otherwise undamaged pilot hole. This assertion

raises three respective provisions under the Travelers policy that negate coverage for the claim: (1) mechanical breakdown, (2) defective materials, and (3) defective construction.

### i.  Mechanical Breakdown Exclusion

As a threshold policy provision, the **Mechanical Breakdown Exclusion** under the Travelers policy squarely excludes coverage for EMS's claimed damages. The **Mechanical Breakdown Exclusion** excludes coverage for "losses caused by mechanical breakdown, which also includes a rupture or bursting caused by centrifugal force." Ex. No. 1, Travelers 000052. EMS asserts that the cause of its loss was due to the guide wire breaking; in fact, EMS considers the break of the guide wire to unmistakably be a "mechanical breakdown":

> **Q.** [Greg Wilkins] Based upon observations and analysis, my opinion to a reasonable degree or engineering certainty, <u>**the cause of the stuck drill string was mechanical breakdown, specifically the failure of the wireline inside the drill string.**</u>
>
> Perhaps you don't disagree with that?
>
> **A.** [EMS Division President, Ron Wochner] <u>**I couldn't have said it better**</u>, other than just the terminology of wireline versus cable or wire.
>
> **Q.** Okay. If I change wireline to wire, the cause was mechanical breakdown, specifically the failure of the wire inside the drill string?
>
> **A.** No, I agree. He's saying if the wire hadn't broke, there wouldn't have been an issue.

Ex. No. 4, 76:14-77:1 (emphasis added).

> **Q.** That this was a—that <u>**this breaking was a mechanical breakdown of the wire?**</u>
>
> **A.** <u>**It was**</u> . . . The wire breaking inside the pipe caused it to stick, ultimately.

Ex. No. 4, 77:17-20 (emphasis added).

Common sense dictates that the pilot hole operations failed for a reason. EMS points its finger at the broken drill string. See Exhibit No. 6; See Ex. No. 4, 24:21-25:11. Texas law dictates that the "terms [of an insurance policy be] given their ordinary and generally-accepted meaning unless the policy shows the words were meant in a technical or different sense." Crose v. Humana Ins. Co., 823 F.3d 344, 348 (5th Cir. 2016); Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London, 327 S.W.3d 118, 126 (Tex. 2010). Though the phrase "mechanical breakdown" is not expressly defined under the Travelers policy, it naturally refers to the ordinary and generally-accepted meaning of a "functional defect in moving parts of machinery which causes it to operate improperly or cease operating." Am. Graphics, Inc. v. Travelers Indem. Co., 17 F. App'x 787, 792 (10th Cir. 2001) (citing Nat'l Investors Fire & Cas. Co. v. Preddy, 248 Ark. 320, 451 S.W.2d 457, 458 (Ark.1970)).

As confirmed by testimony of EMS, the failure of the guide wire inside the drill string constitutes a mechanical breakdown. Regardless as to whether the guide wire broke as a result of rupture or centrifugal force, EMS testimony and admissions confirm that the loss of the pilot hole was due to a mechanical breakdown of the guide wire or drill string system. The **Mechanical Breakdown Exclusion** excludes coverage for "losses caused by mechanical breakdown," and therefore, the Travelers policy does not afford coverage for the claims asserted by EMS.

**ii.   Defective materials**

The Travelers policy excludes coverage for loss or damage caused by or resulting from faulty, inadequate, or defective materials used in construction. The policy states, specifically:

6

### B. EXCLUSIONS

\*\*\*

> 4. We will not pay for loss or damage caused by or resulting from **faulty, inadequate, or defective**:

\*\*\*

>> c. **Materials used in** repair, **construction**, renovation, remodeling, regarding or compaction;

Ex. No. 1, Travelers 000031, 000033 (emphasis added). Courts hold that such insurance policy provisions are not ambiguous. See, e.g., Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co., 40 F. Supp. 3d 817, 833 (S.D. Tex. 2014).

EMS asserts that the cause of its loss was due to the guide wire breaking. See Exhibit No. 6. ("The root cause of the pipe becoming stuck was due to the wire breaking inside the drill pipe, which restricted the flow of drilling and delayed drilling processes."). The guide wire is a piece of material used to assist the reaming operations phase in the construction of the pilot hole. The parties do not dispute that the guide wire broke. See Ex. No. 4, 17:4-17; Ex. No. 2, ¶ 6. Further, EMS admits that the guide did not sustain any direct physical impact that would explain the break. See Ex. No. 4, 20:16-21:4. The guide wire is shielded from such physical impact due to its encapsulation within the drill string. See Ex. No. 4, 21:5-7.

Consequently, the drill string became lodged because the guide wire or other drilling material was faulty, inadequate, or defective. The Travelers policy excludes coverage for loss or damage caused by or resulting from faulty, inadequate, or defective materials used in construction. The guide wire certainly constitutes material used in construction of the pilot hole. See Elworthy v. Hawkeye-Sec. Ins. Co., 166 F. App'x 353,

7

358 (10th Cir. 2006) (holding that no coverage existed for damages caused as a result of contractor's defective roofing material under policy exclusion).

EMS's case theory follows that had the guide wire or drilling equipment maintained its structural integrity or intended purpose, EMS would have been able to use the otherwise undamaged pilot hole and complete the pipeline. EMS blames its inability to use the pilot hole on the broken guide wire. Therefore, because EMS's damages arise from defective material used in construction of the pilot hole, the resulting losses are not covered under the Travelers policy.

### iii.  Defective construction

The Travelers policy excludes coverage for loss or damage caused by or resulting from faulty, inadequate, or defective workmanship or construction. Similar to the exclusion with respect to materials, the policy states as follows:

**B. EXCLUSIONS**

\*\*\*

> 2.  We will not pay for loss or damage caused by or resulting from **faulty, inadequate, or defective**:

\*\*\*

> c.  Design, specifications, **workmanship**, repair, **construction**, renovation, remodeling, grading or compaction;

Ex. No. 1, Travelers 000031, 000033 (emphasis added).

EMS alleges that the root cause of its loss was due to the guide wire breaking. See Exhibit No. 6; See Ex. No. 4, 24:21-25:11. As an alternative to the coverage positions state above—that is, if this Court were to find that the guide wire did not break as result of its faulty, inadequate, or defective condition—at a minimum, EMS's alleged damages

stem from the faulty, inadequate, or defective workmanship or construction taken by EMS or Isaacks. In fact, EMS openly points to Isaacks as the reason for the ultimate loss of the pilot hole.

- "EMS maintains that on or about November 13, 2015, Isaack's drill stem became stuck through the negligence or other fault or Isaacks."

Ex. No. 3, Supplemental Answer to Interrogatory No. 9.

EMS's alleged damages are excluded from coverage because the faulty workmanship comprehends "a defect in the way some part of the [pilot hole] is constructed," and excludes damage "resulting from defects in the product [i.e., the pilot hole] caused by faults in the construction process." U. S. Indus., Inc. v. Aetna Cas. & Sur. Co., 690 F.2d 459, 463 (5th Cir. 1982); Bilotto v. Allied Prop. & Cas. Ins. Co., 79 F. Supp. 3d 660, 671 (W.D. Tex. 2015) (enforcing identical provision as to faulty workmanship during original construction). Additionally, it can hardly be disputed that the construction of the pilot hole failed due to faults in the construction process, i.e. the guide wire and drill string. Aetna, 690 F.2d at 463.

By its own admission, EMS's inability to use the original pilot hole resulted in a loss due to faulty workmanship and negligence on the part of Isaacks. Even from an objective view, the drill string became lodged due to faulty, inadequate, or defective workmanship or construction of the pilot hole. The Travelers policy excludes coverage for loss or damage caused by or resulting from faulty, inadequate, or defective workmanship or construction. Therefore, EMS's costs associated with its inability to use the pilot hole are not covered under the Travelers policy.

**B.  EMS's loss of use claims and ensuing damages are consequential losses.**

The Travelers policy excludes coverage for loss or damage caused by or resulting from consequential loss, including delay or loss of use. The relevant provisions in this regard under the Travelers policy are as follows:

**B. EXCLUSIONS**

\*\*\*

> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>
> > a. **Consequential Loss**
> >
> > > (1) Delay, loss of use or loss of market;

Ex. No. 1, Travelers 000031-000033

EMS's entire case theory rests on the loss of use of the original pilot hole and damages related to (1) attempts to salvage the lodged pipe, (2) efforts to relocate and restart its operations, and (3) subsequent business delays—all three indirect, consequential losses flowing from the broken guide wire. EMS then seeks to place its claimed damages into three categories:

- "Loss of the pipeline structure";

- "Cost of two different downhole specialists to attempt to unblock the hole"; and

- "Cost to hire a new subcontractor to redrill a secondary pipeline structure."

Ex. No. 7, ¶ 10.[1]

---

[1] The entirety of the damages claimed by EMS constitute consequential loss for which there is no coverage under the Travelers policy.  In the unlikely event the Court holds otherwise, however, the Travelers policy contains coverage limitations and sub-limits that also apply to the categories of claimed loss for which EMS seeks recovery, see, e.g., ¶¶ 19, 21-25 of Travelers' January 17, 2016 third amended original answer, Dkt. No. 21, and nothing herein should be considered or construed to constitute an admission or stipulation that EMS's claimed damages are not subject to the coverage limitations and sub-limits in the Travelers policy.

Distilled to its essence, EMS's claim and claimed losses arise from the loss of use of an otherwise undamaged pilot hole and subsequent delays.  The Travelers policy plainly excludes damages resulting from a consequential loss of use, which includes delay or loss of use. Direct damages compensate for the loss that is the necessary and usual result of the act. Baylor Univ. v. Sonnichsen, 221 S.W.3d 632, 636 (Tex. 2007). Consequential damages are those damages which result naturally, but not necessarily, from the defendant's wrongful acts. Id. EMS's claims for loss of use of the pilot hole and subsequent delays are naturally, but not necessarily, consequential to the broken guide wire that caused the drill string to become lodged and ultimately rendered the otherwise undamaged pilot hole unusable. As a result, these claimed losses are specifically excluded from coverage under the Travelers policy.

**C. EMS's pilot hole is a hole drilled into and underneath land.**

"Land and land values" do not fall under the definition of Covered Property under the Travelers policy as **Property and Costs Not Covered**. See Ex. No. 1, Travelers 000023. As such, the Travelers policy does not afford coverage to EMS.

EMS asserts that the original pilot hole, i.e., the hole drilled into the ground to construct a pipeline, sustained direct physical loss or damage to its structure and value. Moreover, EMS implicitly concedes that the pilot hole constitutes "land" by its contention that the pilot hole converted into a "structure" so as to except application of the exclusion. See Ex. No. 7, ¶ 37 (citing to Barnard Pipeline, Inc. v. Travelers Prop. Cas. Co. of Am., 3 F. Supp. 3d 865, 874 (D. Mont. 2014)). Montana law, however, is wholly inapposite to Texas law that controls the issues at hand, and therefore, Barnard is inapplicable. See Fiess v. State Farm Lloyds, 202 S.W.3d 744, 746 (Tex. 2006). Further, unlike the land in

11

<u>Barnard</u>, the actual pilot hole drilled in this case did not sustain any physical damage; and the drilling equipment, including the broken guide wire and lodged drill string, were the property of Isaacks. Ex. No. 3, 30:11-31:22, 110:9-110:15.

The resulting hole in the ground is the pilot hole. This pilot hole is a hole drilled into and underneath land to establish a natural gas pipeline. Land is not Covered Property under the subject Travelers policy, and therefore, the pilot hole drilled by Isaack's equipment constitutes land that does not fall under Covered Property for which the Travelers policy affords coverage.

## V.   **Summary Judgment Evidence**

In support of this second motion, Travelers attaches the following evidence, which it incorporates in this response by reference:

- Exhibit 1:    Travelers builders' risk policy no. QT-660-8070X278-TLC-15 with effectives dates from 09/01/15 to 09/01/16;

- Exhibit 2:    EMS USA Inc.'s January 12, 2017 first amended complaint;

- Exhibit 3:    EMS USA Inc.'s April 11, 2017 supplemental answers to Travelers' interrogatories;

- Exhibit 4:    March 10, 2017 deposition testimony of Ron Wochner, EMS USA Inc.'s Division President; and

- Exhibit 5:    April 12, 2017 deposition testimony of Alexander J. Buehler, Rule 30(b)(6) corporate representative of EMS USA, Inc.

- Exhibit 6:    EMS January 9, 2016 [sic] report.

- Exhibit 7:    Plaintiff's Response to Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment

## VI. **Conclusion**

For the reasons stated herein and the evidence presented, Travelers' second motion for summary judgment should be granted.

WHEREFORE, PREMISES CONSIDERED, the defendant, The Travelers Lloyds Insurance Company, moves and prays that the Court grant Travelers' second motion for summary judgment and for such other and further relief, both general and special, legal and equitable, to which The Travelers Lloyds Insurance Company may show itself justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
Southern District Bar No. 33280
gcw@obt.com
Jefferson W. Fisher
State Bar No. 24093437
Southern District Bar No. 2523494
jfisher@obt.com

ATTORNEYS FOR DEFENDANT,
THE TRAVELERS LLOYDS
INSURANCE COMPANY

OF COUNSEL:

ORGAIN BELL & TUCKER, LLP
1415 Louisiana Street, Suite 4150
Houston, Texas 77002
(713) 333-6700
(713) 333-6701 facsimile

/s/ Chris A. McKinney
Christopher A. McKinney
State Bar No. 24044544
Southern District Bar no. 859156
cam@obt.com

ATTORNEYS FOR DEFENDANT,
THE TRAVELERS LLOYDS
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 19th day of June, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all known counsel of record.

/s/ Greg C. Wilkins
Greg C. Wilkins