UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMS, USA, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-1443 |
| | § | |
| THE TRAVELERS LLOYDS INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

# ORDER

Pending before the court is a memorandum and recommendation ("M&R") filed by Magistrate Judge Nancy Johnson. Dkt. 35. The Magistrate Judge reviewed two motions for summary judgment filed by defendant The Travelers Lloyds Insurance Company ("Travelers") (Dkts. 27, 30) and one filed by plaintiff EMS USA, Inc. ("EMS") (Dkt. 28). *Id.* The M&R recommended: (1) granting in part and denying in part EMS's motion; and (2) granting in part and denying in part Travelers' motions. Dkt. 35. Travelers filed timely objections. Dkt. 36. EMS did not file objections. After reviewing the M&R,[1] motions, responses, replies, objections, and applicable law, the court agrees with the Magistrate Judge. Accordingly, the court is of the opinion that the M&R should be ADOPTED IN FULL.

---

[1] For dispositive matters, the court "determine[s] de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In this insurance case, Travelers objects to the M&R's findings on coverage "in an abundance of procedural caution."[2] Travelers also asks the court to adopt the M&R's findings on the exclusion.[3] Dkt. 36 at 3. Because the court agrees with the M&R's determination as to the exclusion issue—and that finding is outcome determinative—the court OVERRULES AS MOOT Travelers' objections to the coverage issue. Accordingly, the M&R (Dkt. 35) is ADOPTED IN FULL. Thus, the court: (1) GRANTS in part and DENIES in part EMS's motion (Dkt. 28); and (2) GRANTS in part and DENIES in part Travelers' motions (Dkts. 27, 30). The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on March 29, 2018.

Gray H. Miller
United States District Judge

---

[2] In particular, Travelers objects to the M&R's findings that: (1) the pilot hole counts as covered property under the policy; (2) the pilot hole sustained direct physical loss or damage under the policy's threshold grant of coverage; and (3) the policy provides coverage for EMS's claims because there was direct physical loss of or damage to covered property caused by or resulting from a covered cause of loss. Dkt. 36 at 4–14.

[3] "Travelers agrees with and does not object to the . . . conclusion that there is no coverage under the Policy for EMS's claims because the faulty workmanship exclusion applies to negate coverge for EMS's claims and the ensuing loss exception does not apply." Dkt. 36 at 3.